IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**FELIPE GINO VELASCO, JR.,**

    Petitioner,

v.                            Case No. 4:25cv455-MW/MAF

**RICKY DIXON, Secretary,
Florida Department of Corrections,**

    Respondent.
_____/

**REPORT AND RECOMMENDATION
TO TRANSFER HABEAS CORPUS PETITION**

On or about October 23, 2025, Felipe Gino Velasco, Jr., a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. He has paid the filing fee. ECF No. 6. In the § 2254 petition, he indicates he challenges a judgment and sentence dated December 13, 2019, by the Fourth Judicial Circuit, Clay County, in cases 2017-CF-823A and 2019-CF-1195. ECF No. 1 at 1-2.

Petitioner Velasco is currently incarcerated at the Marion Correctional Institution in Marion County, Florida, which is located in the Middle District of Florida. *See* 28 U.S.C. § 89(b). He challenges a state court judgment from the Fourth Judicial Circuit, Clay County, Florida, which is also located in the Middle District of Florida. ECF No. 1 at 1; *see* 28 U.S.C. § 89(b).

For federal habeas corpus actions, jurisdiction is appropriate in the district of confinement and the district of conviction.  28 U.S.C. § 2241(d) (providing that state prisoner may file habeas petition in district of conviction or in district of incarceration).  Petitioner Velasco is not confined in this district and does not challenge the judgment of a state court located in this district; thus, jurisdiction is not appropriate in the Northern District of Florida.  This petition should be transferred to the United States District Court for the Middle District of Florida.  *See* 28 U.S.C. § 1404(a) ("For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."); Mitchell v. Henderson, 432 F.2d 435, 436 (5th Cir. 1970) ("Under 28 U.S.C.A. § 2241(d), state convicts may file federal habeas corpus petitions in the district either where they are confined or where they were convicted.  The purpose of this, of course, is to provide a more convenient forum for witnesses.").  *See also* Parker v. Singletary, 974 F.2d 1562, 1582 (11th Cir. 1992) (explaining that "district courts should avoid the temptation to transfer habeas petitions without giving careful consideration to the convenience of witnesses" and, at note 118, citing Mitchell).

## RECOMMENDATION

It is respectfully **RECOMMENDED** that the case file, including any service copies and pending motions, be **TRANSFERRED** to the United States District Court for the Middle District of Florida, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on November 17, 2025.

S/ Martin A. Fitzpatrick
MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**